IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, a Nebraska Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>HEIZER FIREARMS, LLC, a Missouri limited liability company;  and  CENTRAL HOLDING CORP., a Missouri corporation;<br><br>Defendants. | 4:12CV3117<br><br>MEMORANDUM AND ORDER |

Pending before me is the plaintiff's motion to strike, (Filing No. 44), the defendants' counterclaim. (Filing No. 39).  The plaintiff argues the counterclaim must be stricken because if was filed without leave of the court, and because there is no factual or legal basis for the defendants' claims.  For the reasons described below, the motion to strike will be denied.

The court's progression order set a November 9, 2012 deadline for moving to amend pleadings.  Instead of moving to amend, the defendants filed a counterclaim without leave of court on November 9, 2012.  (Filing No. 39).  The counterclaim restates the allegations of defendant's previously pleaded affirmative defenses, but seeks as affirmative relief:  (i) a declaratory judgment of noninfringement; and (ii) cancellation of the plaintiff's trademark registrations. Over a month after the counterclaim was filed, the plaintiff requested additional time "to file its Answer to the Defendants' Counterclaim." (Filing No. 41).  But instead of an Answer, the plaintiff filed a motion to strike the counterclaim in its entirety.  (Filing No. 44).

The defendant filed the counterclaim on the deadline for moving to amend pleadings.  And by filing a motion to strike, the plaintiff has asserted the same substantive arguments it would have raised had the defendant moved to file the

counterclaim instead. Thus the plaintiff received timely notice of the allegations within the defendant's counterclaim and an opportunity to be heard regarding the filing of those claims. Under such circumstances, summarily striking the counterclaim for procedural reasons would elevate form over substance. The plaintiff's motion to strike the counterclaim for failure to obtain prior leave of the court will be denied.

The plaintiff further moves to strike the counterclaim as substantively and factually baseless in violation of Rule 11. The plaintiff argues:

> There can be no doubt that Heizer filed its Counterclaim in violation of Rule 11(b). Its counterclaim for cancellation of Hornady's TAP Marks is not warranted by existing law nor supported by any factual evidence or allegations. Heizer does not and cannot provide evidentiary support for its conclusory contentions.

(Filing No. 45, at CM/ECF p. 9).

Rule 11 of the Federal Rules of Civil Procedure provides a mechanism whereby the court may sanction a party or attorney for, among other reasons, asserting "claims . . . and other legal contentions" unwarranted by "existing law" and raising factual allegations without evidentiary support. Fed. R. Civ. P. 11(b)(1) & (2). "If the Court finds that plaintiffs have filed frivolous pleadings or pleadings that are 'legally unreasonable, or without factual foundation,' then sanctions should be imposed." Nichols v. Firestone Tire & Rubber Co., 127 F.R.D. 525 (D. Neb. 1989)(internal citations omitted).

After reviewing the arguments and cases cited in the parties' briefs, the court is not convinced the defendant is pursuing a "legally unreasonable" theory of recovery. Although the plaintiff states there is no legal basis for defendant's counterclaim, it is actually asserting there are insufficient facts to support the defendant's legal arguments and thus counterclaim is "factually unsupported." Such fact-specific arguments are more

properly raised as a motion to dismiss or a motion for summary judgment, not as a motion to strike a pleading. If the plaintiff later files and prevails on a motion to dismiss the counterclaim or on a motion for summary judgment, and the plaintiff can show the counterclaim was frivolous, the plaintiff may request sanctions. However, at this stage of the case, the plaintiff's motion to strike the counterclaim as filed in violation of Rule 11 is denied.

Accordingly,

IT IS ORDERED:

1) The plaintiff's motion to strike (Filing No. 44) is denied.

2) The defendant's counterclaim (Filing No. 39) is deemed properly and timely filed.

3) On or before February 1, 2013, the plaintiff shall file its answer or response to the defendant's counterclaim.

January 18, 2013

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.